FEE PAID
RCPT# 1579
SUMMS ISS
1540

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARRELL J. MAR, Sr., Individually And DARRELL J. MAR, Sr. as Parent and Natural Guardian of DARRELL J. MAR, Jr. ] <br><br>Plaintiffs, <br><br>v. <br>CITY OF McKEESPORT, JOSEPH PERO and Several Unknown Members of the McKeesport Police Department, individually and in their official capacity, <br><br>Defendants. | Civil Action No. 05-0019 <br><br>Complaint <br><br>Filed on behalf of: <br><br>Plaintiffs <br><br>Counsel of Record: <br><br>Leonard E. Sweeney, Esquire <br>PA ID# 00156 <br>The Law Firm <br>156 Perry Highway <br>Pittsburgh, PA 15229 <br>(412) 366-1776 |



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRELL J. MAR, Sr., Individually ]
And DARRELL J. MAR, Sr. as Parent and ]
Natural Guardian of DARRELL J. MAR, Jr.] Civil Action No. 05-0019
]
Plaintiffs, ]
]
v. ]
CITY OF McKEESPORT, JOSEPH ]
PERO and Several Unknown Members ]
of the McKeesport Police Department, ]
individually and in their official capacity, ]
]
Defendants. ]

## AMENDED COMPLAINT

AND NOW, comes the Plaintiffs, by and through her legal counsel, Leonard E. Sweeney, Esquire, and files this COMPLAINT, and in support avers the following:

## INTRODUCTION

Plaintiffs brings this Complaint against the named Defendants in order to address violations of their federal rights, afforded to her by the Constitution of the United States, and pursuant to 42 U.S.C. §1983 and pursuant to various state law claims.

More Specifically, Plaintiffs bring this complaint to address the event that occurred in their home on the evening of November 29, 2004, when several members of the McKeesport Police Department improperly entered into the Mar residence and manhandled the Plaintiffs—a 38 year old male and his 10-year-old son. Both of the Plaintiffs were subjected to egregious conduct that has caused them serious injuries.

## PARTIES

1. Plaintiff, Darrell J. Mar ("Mar Sr.") is an adult individual who resides in McKeesport, Allegheny County, Pennsylvania.

2. Plaintiff, Darrell J. Mar, Jr. ("Mar Jr.") is a minor, who resides with his parent and guardian, Darrell J. Mar, in McKeesport, Allegheny County, Pennsylvania.

3. Defendant, City of McKeesport, is a political subdivision organized pursuant to the laws of the Commonwealth of Pennsylvania, which has as it primary address 201 Lysle Street, City of McKeesport, Allegheny County Pennsylvania..

4. Defendant Joseph Pero, is an adult individual, whose primary business address is 201 Lysle Street, City of McKeesport, Allegheny County, Pennsylvania.

5. Defendants Several Unknown Members of the City of McKeesport Police Department, are presumably adult individuals, whose names and identities are unknown, have as their primary business address 201 Lysle Street, City of McKeesport, Allegheny County, Pennsylvania.

## JURISDICTION AND VENUE

6. Jurisdiction is proper in this Honorable Court under 28 U.S.C. §1331. 28 U.S.C. §1367 and 28 U.S.C. §1343.

7. Venue is proper in this Honorable Court under 28 U.S.C. §1391.

## FACTS

8. Plaintiffs are residents of the City of McKeesport.

9. Plaintiffs are both African-American.

10. On November 29, 2004, Plaintiffs were at their home.

11. On November 29, 2004, at or around 7:05 pm, Mar Sr. hears a loud banging noise and inquires with his son as to its cause. Mar Jr. identifies that he does not know the source of the noise. Dents on the front door, caused by the Defendant's attempt to gain entry into Plaintiff's residence, have been caused by a battering ram at the hand of the Defendants.

12. Mar Sr., in order to find out the source of the noise, begins to open his front door when several members McKeesport Police Department rush in to this home.

13.     No member of the McKeesport Police Department identifies themselves or presents a warrant to either Mar, Sr. or Mar, Jr.

14.     Plaintiffs believe that there were a total of nine (9) police officers, wearing "SWAT" gear, that entered their home under the direct supervision of Defendant Chief Pero.

15.     The officers did not knock or announce their identities prior to entering the Plaintiff's home.

16.     Several of the unknown Defendants grab Mar, Sr. and throw him to the ground in an aggressive and forceful manner.

17.     No one requested that Defendant lie on the ground or otherwise assume a subservient position.

18.     A hand is placed on Mar, Sr.'s neck in a forceful and painful manner.

19.     A knee is placed in Mar, Sr.'s back in a forceful and painful manner and a gun is placed at the man's head for the duration of the time Plaintiff remained on the floor.

20.     Mar, Jr. is a witness to the physical assault to his father.

21.     The police force Mar, Jr. upstairs and forcefully shove him into a corner.

22.     Mar, Jr. began to cry and inquire as to his father's whereabouts and well being.

23.     One of the officers yells at Mar, Jr. and states "I know he's here!" and "Where the fuck is he?"

24.     Mar, Jr. identifies to the police that he does not know what they are talking about.

25.     At one point Mar, Jr., in an emotionally disheveled state, attempts check on his father to see if his father was alright, but is grabbed by the arm and shoved violently into a corner by one of the officers who curses at him.

26.     In what amounts to the most egregious action, one of the officers pulls a firearm on Mar, Jr. and points the firearm into the face of the now hysterical 10 year old child.

27.     At no point during their intrusion into the Plaintiff's home did any officer present a warrant to either Plaintiff or explain to them what was occurring; at no point does any intruder identify himself as McKeesport Police.

28. Mar, Sr, hearing his son crying, attempts to stand up and asks if he can check on his son.

29. One of the officers yells at Mar, Sr., ignoring Mar, Sr.'s pleas to check on his son, and advises him that he doesn't "give a fuck" and asked him "who told you to move" while holding a gun directed on Mar, Sr.

30. The police searched the apartment and wreck havoc on Plaintiff's home without producing a warrant to search the premises at any point.

31. At some point the officers allow Mar, Sr. to go upstairs and to check on his son.

32. At all times during the intrusion into their homes, the Plaintiffs are experiencing terror, fright, panic, anxiety, fear and stress, which was clearly exhibited by their conduct, words and actions.

33. After the officers leave, Mar, Sr. contacts 911, as he was never given an explanation as to what was occurring.

34. Sometime later, the Chief of Police, Joseph Pero ("Pero"), contacts Mar, Sr. and advises him "that's just the way we do it" and provides no other explanation regarding the outrageous intrusion into the Plaintiffs' home.

35. At a later point Defendant Pero acknowledges that they received a tip that a suspect was in Crawford Village, Apartment 10G.

36. The son experiences severe emotional distress as a result of the events and has a difficult time sleeping.

37. Mar, Jr., begins to experience nightmares about the intrusion into his home.

38. Father's doctor advises Mar, Jr., that he should talk to his school counselor regarding the intrusion and his concerns.

39. Mar, Jr., speaks with his counselor.

40. During the course of the meeting, Mar, Jr., informs counselor that he wants to kill himself as a result of what he experienced as a result of the intrusion by the Defendants.

41. The counselor contacts Mar, Sr., who takes Mar, Jr. to be evaluated.

42. Mar, Jr., is admitted into Western Psych for five days.

43. Mar, Jr. is prescribed medications.

44  As a result of the Defendants' conduct that Mar, Jr. experienced, is experiencing and is expected to continue to experience, he has sustained injuries in the form of
- a. emotional distress;
- b. aggravation of psychological problems;
- c. anxiety;
- d. stress;
- e. nervousness;
- f. depression; and
- g. suicidal thoughts.

45. As a result of the Defendants' conduct that Mar., Sr. experienced, is experiencing and is expected to continue to experience, he has sustained injuries in the form of:
- a. emotional distress;
- b. aggravation of psychological problems;
- c. anxiety;
- d. stress;
- e. nervousness; and
- f. depression.

## COUNT I
## DARRELL J. MAR, Sr. v. CITY OF McKEESPORT

46. The averments contained in the other portions of this Complaint are incorporated as though set forth fully at length below.

47. The City of McKeesport ("The City") advances and sets policies regarding its police force.

48. The City failed to adequately train and educated its officers in the area of constitutional rights and criminal procedure.

49. The City's failure to provide such education and training constitutes a municipal policy and decision.

50. The City have failed to adequately train and educate its officers in effectuate a search of a premises.

51. The City's failure to provide such education and training constitutes a municipal policy and decision.

52. The City supports the manner in which the police department and its officers behave toward suspects, including conduct that violates the rights of citizens.

53. The City's support of the police department and its officer's conduct constitutes a municipal policy and decision.

54. As a result of the City's policies and decisions, Plaintiff Mar, Sr.'s, substantive due process rights were violated.

55. As a result of the City's policies and customs, Plaintiff Mar, Sr.'s procedural due process rights were violated.

56. As a result of the City's policies and customs, Plaintiff's Fourth Amendment right to be free from a search without a warrant was violated.

57. As a result of the City's policies and customs, Plaintiff's Fourth Amendment right to be free from the use of excessive force was violated.

58. The City does not have an adequate mechanism in place to address the conduct of its police officers. The failure to have such a process promotes supports and advances the improper conduct of its officers.

WHEREFORE, Plaintiff prays for judgment in his favor and seeks all damages, whether actual, compensatory or otherwise, as a result of the Defendants conduct along with attorney's fees and costs (pursuant to 42 U.S.C. §1988) or any other relief that this Court deems appropriate.

## COUNT II
### DARRELL J. MAR, Jr. v. CITY OF McKEESPORT

59. The averments contained in the other portions of this Complaint are incorporated as though set forth fully at length below.

60. The City of McKeesport ("The City") advances and sets policies regarding its police force.

61. The City failed to adequately train and educated its officers in the area of constitutional rights and criminal procedure.

62. The City's failure to provide such education and training constitutes a municipal policy and decision.

63. The City has failed to adequately train and educate its officers in effectuating a search of a premises.

64.  The City's failure to provide such education and training constitutes a municipal policy and decision.

65.  The City supports the manner in which the police department and its officers behave toward suspects, including conduct that violates the rights of citizens.

66.  The City's support of the police department and its officer's conduct constitutes a municipal policy and decision.

67.  As a result of the City's policies and decisions, Plaintiff Mar, Sr.'s, substantive due process rights were violated.

68.  As a result of the City's policies and customs, Plaintiff Mar, Sr.'s procedural due process rights were violated.

69.  As a result of the City's policies and customs, Plaintiff's Fourth Amendment right to be free from a search without a warrant was violated.

70.  As a result of the City's policies and customs, Plaintiff's Fourth Amendment right to be free from the use of excessive force was violated.

71.  The City does not have an adequate mechanism in place to address the conduct of its police officers and the failure to have such a process promotes supports and advances the improper conduct of its officers.

WHEREFORE, Plaintiff prays for judgment in his favor and seeks all damages, whether actual, compensatory or otherwise, as a result of the Defendants conduct along with attorney's fees and costs (pursuant to 42 U.S.C. §1988) or any other relief that this Court deems appropriate.

### COUNT III
### DARRELL J. MAR, Sr. v. JOSEPH PERO

72.  The averments contained in the other portions of this Complaint are incorporated as though set forth fully at length below.

73.  Defendant Pero is the chief of police of the McKeesport Police Department.

74.  Defendant Pero is responsible for the oversight and supervision of the officers employed by the McKeesport Police Department and was on site the night of the above referenced incident.

75.  Defendant Pero is responsible to insure that the officers that he supervises are adequately and properly trained, but fails to do so.

76. Defendant Pero is responsible to insure that the officers that work under him are not going to violate the rights of the people that they encounter.

77. Defendant Pero is to dissuade and discourage his subordinates from engaging in conduct that violates the rights of people.

78. Defendant Pero does not dissuade and discourage such conduct.

79. Defendant Pero is to implement guidelines and sanctions that will discourage officers from violating the rights of citizens who live in McKeesport.

80. Defendant Pero does not implement such guidelines.

81. Defendant Pero advances policies and conduct that likely and reasonably lead to his officers violating the rights of citizens.

82. As a result of Defendant Pero's actions, inactions, omissions and conduct those officers that entered Plaintiff's home acted with a complete and reckless disregard to Plaintiff's constitutional rights.

83. Defendant Pero's failure to act in an appropriate fashion, in light of his position, duties and obligations, is egregious wanton and willful.

84. As a result of the City's policies and decisions, Plaintiff Mar, Sr.'s, substantive due process rights were violated.

85. As a result of the City's policies and customs, Plaintiff Mar, Sr.'s procedural due process rights were violated.

86. As a result of the City's policies and customs, Plaintiff's Fourth Amendment right to be free from a search without a warrant was violated.

87. As a result of the City's policies and customs, Plaintiff's Fourth Amendment right to be free from the use of excessive force was violated.

WHEREFORE, Plaintiff prays for judgment in his favor and seeks all damages, whether actual, compensatory, punitive or otherwise, as a result of the Defendants conduct along with attorney's fees and costs (pursuant to 42 U.S.C. §1988) or any other relief that this Court deems appropriate.

## COUNT IV
### DARRELL J. MAR, Jr. v. JOSEPH PERO

88. The averments contained in the other portions of this Complaint are incorporated as though set forth fully at length below.

89. Defendant Pero is the chief of police of the McKeesport Police Department.

90. Defendant Pero is responsible for the oversight and supervision of the officers employed by the McKeesport Police Department and was on site the night of the above referenced incident.

91. Defendant Pero is responsible to insure that the officers that he supervises are adequately and properly trained, but fails to do so.

92. Defendant Pero is responsible to insure that the officers that work under him are not going to violate the rights of the people that they encounter.

93. Defendant Pero is to dissuade and discourage his subordinates from engaging in conduct that violates the rights of people.

94. Defendant Pero does not dissuade and discourage such conduct.

95. Defendant Pero is to implement guidelines and sanctions that will discourage officers from violating the rights of people.

96. Defendant Pero does not implement such guidelines.

97. Defendant Pero advances policies and conduct that likely and reasonably lead to his officers violating the rights of citizens.

98. As a result of Defendant Pero's actions, inactions, omissions and conduct those officers that entered Plaintiff's home acted with a complete and reckless disregard to Plaintiff's constitutional rights.

99. Defendant Pero's failure to act in an appropriate fashion, in light of his position, duties and obligations, is egregious wanton and willful.

100. As a result of the City's policies and decisions, Plaintiff Mar, Jr.'s, substantive due process rights were violated.

101. As a result of the City's policies and customs, Plaintiff Mar, Jr.'s procedural due process rights were violated.

102. As a result of the City's policies and customs, Plaintiff's Fourth Amendment right to be free from a search without a warrant was violated.

103. As a result of the City's policies and customs, Plaintiff's Fourth Amendment right to be free from the use of excessive force was violated.

WHEREFORE, Plaintiff prays for judgment in his favor and seeks all damages, whether actual, compensatory, punitive or otherwise, as a result of the Defendants conduct along with attorney's fees and costs (pursuant to 42 U.S.C. §1988) or any other relief that this Court deems appropriate.

## COUNT V
### DARRELL J. MAR, Jr. v. SEVERAL UNKNOWN MEMBERS OF THE McKEESPORT POLICE DEPARTMENT

104. The averments contained in the other portions of this Complaint are incorporated as though set forth fully at length below.

105. Defendants Several Unknown Members of the McKeesport Police Department ("Police") acted with a complete indifference to Plaintiff's rights

106. Plaintiff was physically and emotionally accosted.

107. Plaintiff was treated abhorrently by the Police.

108. Defendant Police did not request that Plaintiff voluntarily assume a subservient position, if their concerns were that he was a threat.

109. Defendant Police did not show or present Plaintiff with a warrant.

110. Defendant Police did not advise Plaintiff of the person that they were looking to apprehend.

111. Defendant Police were overzealous and acted with a lack of control required by a police officer.

112. Defendant Police engaged in conduct that was dangerous, foolhardy, hotheaded, impulsive and went beyond reasonable and appropriate police actions.

113. As a result of the City's policies and decisions, Plaintiff Mar, Sr.'s, substantive due process rights were violated.

114. As a result of the City's policies and customs, Plaintiff Mar, Sr.'s procedural due process rights were violated.

115.    As a result of the City's policies and customs, Plaintiff's Fourth Amendment right to be free from a search without a warrant was violated.

116.    As a result of the City's policies and customs, Plaintiff's Fourth Amendment right to be free from the use of excessive force was violated.

WHEREFORE, Plaintiff prays for judgment in his favor and seeks all damages, whether actual, compensatory, punitive or otherwise, as a result of the Defendants conduct along with attorney's fees and costs (pursuant to 42 U.S.C. §1988) or any other relief that this Court deems appropriate.

## COUNT VI
## DARRELL J. MAR, Sr. v. SEVERAL UNKNOWN MEMBERS OF THE McKEESPORT POLICE DEPARTMENT

117.    The averments contained in the other portions of this Complaint are incorporated as though set forth fully at length below.

118.    Defendants Several Unknown Members of the McKeesport Police Department ("Police") acted with a complete indifference to Plaintiff's rights

119.    Plaintiff was physically and emotionally accosted.

120.    Plaintiff was treated abhorrently by the Police.

121.    Defendant Police did not request that Plaintiff voluntarily assume a subservient position, if their concerns were that he was a threat.

122.    Defendant Police did not show or present Plaintiff with a warrant.

123.    Defendant Police did not advise Plaintiff of the person that they were looking to apprehend.

124.    Defendant Police were overzealous and acted with a lack of control required by a police officer.

125.    Defendant Police engaged in conduct that was dangerous, foolhardy, hotheaded, impulsive and went beyond reasonable and appropriate police actions.

125.    As a result of the City's policies and decisions, Plaintiff Mar, Sr.'s, substantive due process rights were violated.

126.    As a result of the City's policies and customs, Plaintiff Mar, Sr.'s procedural due process rights were violated.

127. As a result of the City's policies and customs, Plaintiff's Fourth Amendment right to be free from a search without a warrant was violated.

128. As a result of the City's policies and customs, Plaintiff's Fourth Amendment right to be free from the use of excessive force was violated.

WHEREFORE, Plaintiff prays for judgment in his favor and seeks all damages, whether actual, compensatory, punitive or otherwise, as a result of the Defendants conduct along with attorney's fees and costs (pursuant to 42 U.S.C. §1988) or any other relief that this Court deems appropriate.

## COUNT VII
### DARRELL J. MAR, Sr. v. SEVERAL UNKNOWN MEMBERS OF THE McKEESPORT POLICE DEPARTMENT

129. The averments contained in the other portions of this Complaint are incorporated as though set forth fully at length below.

130. As a result of Defendant Police Officers' conduct, Plaintiff was physically assaulted and touched in an offensive and unwanted manner, all of which constitutes a battery.

131. As a result of Defendant Police Officers' conduct, Plaintiff was physically assaulted, touched, threatened and menaced in an offensive manner, all of which constitutes assault.

132. As a result of Defendant Police Officers' conduct, Plaintiff has suffered emotional distress, which required treatment, and which gives rise to a claim for intentional infliction of emotional distress and negligent infliction of emotional distress.

133. Defendant Police Officers' conduct was wanton, willful, intentional, reckless and egregious.

WHEREFORE, Plaintiff prays for judgment in his favor and seeks all damages, whether actual, compensatory, punitive or otherwise, as a result of the Defendants conduct along with any other relief that this Court deems appropriate.

## COUNT VIII
### DARRELL J. MAR, Jr. v. SEVERAL UNKNOWN MEMBERS OF THE McKEESPORT POLICE DEPARTMENT

134. The averments contained in the other portions of this Complaint are incorporated as though set forth fully at length below.

135. As a result of Defendant Police Officers' conduct, Plaintiff was physically assaulted and touched in an offensive and unwanted manner, all of which constitutes a battery.

136. As a result of Defendant Police Officers' conduct, Plaintiff was physically assaulted, touched, threatened and menaced in an offensive manner, all of which constitutes assault.

137. As a result of Defendant Police Officers' conduct, Plaintiff has suffered emotional distress, which required treatment, and which gives rise to a claim for intentional infliction of emotional distress and negligent infliction of emotional distress.

138. Defendant Police Officers' conduct was wanton, willful, intentional, reckless and egregious.

WHEREFORE, Plaintiff prays for judgment in his favor and seeks all damages, whether actual, compensatory, punitive or otherwise, as a result of the Defendants conduct along with any other relief that this Court deems appropriate.

Respectfully submitted,

Leonard E. Sweeney, Esquire
PA ID# 00156
The Law Firm
156 Perry Highway
Pittsburgh, PA 15229
(412) 366-1776