```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

DARRELL J. MAR, SR., individually    )
and DARRELL J. MAR, SR., as          )
Parent and Natural Guardian of       )
DARRELL J. MAR, JR.;                 )
                                     )
          Plaintiffs                 )
                                     ) Civil Action No. 05-19
     v.                              ) Judge Terrence F. McVerry/
                                     ) Magistrate Judge Sensenich
CITY OF McKEESPORT; JOSEPH PERO;     ) Re: Doc. No. 28
and SEVERAL UNKNOWN MEMBERS OF       )
THE McKEESPORT POLICE DEPARTMENT,    )
individually and in their            )
official capacity;                   )
                                     )
          Defendants                 )

## MEMORANDUM ORDER

On May 4, 2006 Plaintiffs filed a "Motion to Substitute," seeking to substitute "several unknown members of the McKeesport Police Department" in their Complaint with named defendants. "Replacing a John Doe with a party's real name amounts to the changing of a party or the naming of a party under Rule 15(c)." *Garvin v. City of Philadelphia,* 354 F.3d 215, 220 (3d Cir. 2003). Therefore, the appropriate vehicle for substituting an unknown defendant with a named party is a motion to amend. Plaintiffs filed an amended complaint on May 31, 2005 (Doc. No. 13), thus, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, they must seek leave of court to amend the complaint.

> Leave to amend should be granted whenever "justice so requires." Fed.R.Civ.P. 15(a). The standard encompasses a broad range of

> equitable factors, including a party's delay
> in seeking leave to amend and any prejudice
> to the opposing party.  Only when these
> factors suggest that amendment would be
> unjust should the court deny leave.

*Arthur v. Maersk, Inc.,* 434 F.3d 196 (3d Cir. 2006) (some internal citations omitted).  Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility.  *Id.* at 204.  However, "prejudice to the non-moving party is the touchstone for the denial of an amendment."  *Id.*

AND NOW, this 6th day of June, 2006;

IT IS HEREBY ORDERED that Plaintiffs' motion to substitute is denied without prejudice;

IT IS FURTHER ORDERED that Plaintiffs are allowed until June 19, 2006 to file a motion to amend, together with the proposed amended complaint.

IT IS FURTHER ORDERED that Defendants shall respond to Plaintiffs' motion to amend no later than fourteen (14) days from the date the motion is filed.

*s/Ila Jeanne Sensenich*
ILA JEANNE SENSENICH
U.S. Magistrate Judge

cc:  All parties, via CM/ECF electronic notification.