```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


DARRELL J. MAR, SR., individually  )
and DARRELL J. MAR, SR., as        )
Parent and Natural Guardian of     )
DARRELL J. MAR, JR.;               )
                                   )
          Plaintiffs               )
                                   ) Civil Action No. 05-19
     v.                            ) Judge Terrence F. McVerry/
                                   ) Magistrate Judge Sensenich
CITY OF McKEESPORT; JOSEPH PERO;   ) Re: Doc. No. 24
and SEVERAL UNKNOWN MEMBERS OF     )
THE McKEESPORT POLICE DEPARTMENT,  )
individually and in their          )
official capacity;                 )
                                   )
          Defendants               )
```

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.  RECOMMENDATION

It is recommended that Defendants' "Motion to Strike Expert Report and Preclude Testimony of Attorney Paul Boas" be granted.

II. REPORT

Plaintiffs bring this action for damages under 42 U.S.C. § 1983, alleging that Defendants violated their rights under the Pennsylvania Constitution and the Fourth Amendment of the United States Constitution.  On March 7, 2006 Plaintiffs filed the expert report of Attorney Paul Boas.  (Boas Rep. (Doc. No. 22).)  In his report, Mr. Boas declared that "[m]y opinion is that a warrantless search for Mr. Cochran at 10-G Crawford Village was clearly in violation of the Fourth Amendment and

Article 1, § 8 of the Pennsylvania Constitution."  (*Id.* at 2.) He further opined that "clearly no exigent circumstances existed here."  (*Id.* at 3.)

On April 17, 2006 Defendants filed a motion seeking to strike Plaintiffs' expert report and to preclude the testimony of Mr. Boas.  (Doc. No. 24.)  Specifically, Defendants argue that Mr. Boas's opinion should be struck as inadmissible pursuant to Rule 702 of the Federal Rules of Evidence because it will not assist the trier of fact to understand the evidence or to determine issues of fact and because expert testimony is unnecessary because the matters addressed in the report are within the knowledge, experience and understanding of the jury. (Mot. to Strike (Doc. No. 24) ¶¶ 5 & 7.)  Defendants also argue that although Mr. Boas is an attorney and is experienced in litigating cases, he is not qualified or competent to give expert testimony as to the legality of the McKeesport Police's conduct because he has never received training in police practices and procedures, he has never been employed as a police officer, and he is not certified in law enforcement in Pennsylvania or any other state.  (*Id.* ¶ 8.)  Plaintiffs argue that the report and testimony of Mr. Boas are relevant and admissible and that "[t]he exacting legal criteria for probable cause and reasonable search are not within the everyday knowledge of the layman."  (Pls.' Br. (Doc. No. 30) at 2-4.)

Rules 702 and 704 of the Federal Rules of Evidence govern the issue of the admissibility of Plaintiffs proffered expert report in this case.  Rule 702 allows for admission of the testimony of a qualified expert witness if his testimony will assist the trier of fact to understand the evidence or determine a factual issue.[1]  FED. R. EVID. 702. Rule 704, entitled "Opinion on Ultimate Issue," states in relevant part, "Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." FED. R. EVID. 704(a).

"The trial court has wide discretion in determining whether expert testimony will be of help to the trier of fact." *United States v. Leo,* 941 F.2d 181, 196 (3d Cir. 1991). Furthermore, because it is the Court's duty to explain the law to

---

[1]  Rule 702, entitled "Testimony by Experts," states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

FED. R. EVID. 702.

the jury, it is impermissible for a witness to testify as to the law governing the issues in the case. *Id.* The United States District Court for the District of New Jersey recently observed: "'The rule prohibiting experts from providing their legal opinions or conclusions is "so well established that it is often deemed a basic premise or assumption of evidence law--a kind of axiomatic principle."'" *Casper v. SMG,* 389 F.Supp.2d 618, 621 (D.N.J. 2005) (quoting *In re Initial Public Offering Sec. Lit.,* 174 F.Supp.2d 61, 64 (S.D.N.Y. 2001)).

Other courts of appeals adhere to this principle, as well. See, e.g., *Nieves-Villanueva v. Soto-Rivera,* 133 F.3d 92, 99 (1st Cir. 1997) (pointing out that they join at least seven other circuit courts which have held that the Federal Rules of Evidence prohibit expert testimony on matters of law and stating, "It is black-letter law that '[i]t is not for witnesses to instruct the jury as to the applicable principles of law, but for the judge.'"); *Hygh v. Jacobs,* 961 F.2d 359, 363 (2d Cir. 1992) ("[t]his circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion"); *Askanase v. Fatjo,* 130 F.3d 657, 673 (5th Cir. 1997) (holding that the trial court did not err in declining to admit the testimony of an expert witness, a lawyer, whose opinion constituted a legal opinion on an issue that was to be decided by the trier of fact); and *Berry v. City of Detroit,* 25 F.3d 1342,

4

1353-54 (6th Cir. 1994), *cert. denied,* 513 U.S. 1111 (1995) (concluding that the expert's testimony--that the lax discipline policies of the police department indicated deliberate indifference to the welfare of its citizens--was received in violation of Rule 704(a) of the Federal Rules of Evidence; it defined a legal term, something that invades the province of the court). Additionally, the United States Court of Appeals for the Tenth Circuit, in *Specht v. Jensen,* 853 F.2d 805 (10th Cir. 1988), addressed the exact issues raised in the instant motion to strike. In *Specht,* the plaintiff sought damages under 42 U.S.C. § 1983 for searches of his home and office, which he alleged were invalid. 853 F.2d at 806. Plaintiff's counsel proffered as a witness an attorney to whom he intended to give "'a hypothetical of the facts that are in evidence in this case.'" *Specht,* 853 F.2d at 806. He proposed to ask the attorney witness whether he believed that a search of the plaintiff's home and business took place and whether, based on the same facts in evidence, those searches were consensual. *Id.* Plaintiffs counsel also proposed to ask the attorney witness whether,

> [B]ased on his knowledge in these areas what
> would constitute a proper search, or the
> proper documents constituting or allowing a
> search and would expect that he would say as
> follows:  That if there is no search warrant,
> if there is no consent, if there are no
> exigent circumstances, that the search is
> illegal per se.

*Id.* The court below allowed the expert to testify over the objections of defense counsel and he testified, *inter alia,* that the searches were illegal. *Id.* at 807. In a comprehensive opinion, the court of appeals concluded that it was reversible error for the district court to admit the expert's testimony. *Id.* at 808. Specifically, the court pointed out that the Advisory Committee notes to Rule 704 "distinguish[es] between testimony on issues of law and testimony on ultimate facts."[2] *Id.* It found this distinction significant because "testimony on the ultimate factual questions aids the jury in reaching a verdict; testimony which articulates and applies the relevant

---

[2]The Advisory Committee Notes referred to by the *Specht* court state:

> The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach, somewhat in the manner of the oath-helpers of an earlier day. They also stand ready to exclude opinions phrased in terms of inadequately explored legal criteria. Thus the question, "Did T have capacity to make a will?" would be excluded, while the question, Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed. McCormick § 12.

FED.R.EVID. 704 advisory committee's note.

law, however, circumvents the jury's decision-making function by telling it how to decide the case." *Specht,* 853 F.2d at 808. The court of appeals concluded that the expert witness, through his testimony, "was improperly allowed to instruct the jury on how it should decide the case" and that, as a result, the court's duty to instruct the jury on the law and the jury's province of applying the law to the evidence were supplanted. *Id.* at 806.

The facts in the instant case parallel those in *Specht.* Here, the subject of this case is the warrantless search of Plaintiffs' residence. Furthermore, like the attorney expert in *Specht,* the attorney proffered as an expert witness here, Mr. Boas, provided his "expert opinion, as to whether a search warrant was needed to enter 10G Crawford Village on the date and time in question." Also like the attorney expert in *Specht,* Mr. Boas made the following legal conclusions:

> [T]he police were not justified in this case in attempting to execute the arrest warrant for Cochran at 10-G Crawford Village without a search warrant in that 10-G Crawford Village was not the residence of Kalule Cochran, and no exigent circumstances existed that would allow for an exception to the warrant rule.
>
> Further, even if exigent circumstances existed, there was insufficient probable cause to enter in any event based upon the scant evidence contained in the phone tip and the lack of any independent corroboration by the police.

(Boas Rep. at 5.)  Therefore, as in *Specht,* the report of Plaintiffs' expert, Mr. Boas, consists wholly of conclusions on issues of law.  Consequently, his report and any testimony by him regarding it are inadmissible under Rule 702 of the Federal Rules of Evidence because they will not assist the trier of fact to understand the evidence or determine a factual issue.  Accordingly, Defendants' motion to strike should be granted.

III. CONCLUSION

   For the reasons discussed above, it is recommended that Defendants' "Motion to Strike Expert Report and Preclude Testimony of Attorney Paul Boas" be granted.

   In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

              *s/Ila Jeanne Sensenich*
               ILA JEANNE SENSENICH
               U.S. Magistrate Judge

Dated:  June 28, 2006

cc:  All parties, via CM/ECF electronic notification.