```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA


DARRELL J. MAR, SR., individually  )
and DARRELL J. MAR, SR., as        )
Parent and Natural Guardian of     )
DARRELL J. MAR, JR.;               )
                                   )
           Plaintiffs              )
                                   )  Civil Action No. 05-19
        v.                         )  Judge Terrence F. McVerry/
                                   )  Magistrate Judge Sensenich
CITY OF McKEESPORT; JOSEPH PERO;   )  Re: Doc. No. 24
and SEVERAL UNKNOWN MEMBERS OF     )
THE McKEESPORT POLICE DEPARTMENT,  )
individually and in their          )
official capacity;                 )
                                   )
           Defendants              )
```

MEMORANDUM ORDER

On January 11, 2005, this case was referred to United States Magistrate Judge Ila Jeanne Sensenich for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(A) and (B), and Rules 71.1.3 and 72.1.4 of the Local Rules for Magistrates.

The magistrate judge's report and recommendation, filed on June 28, 2006, recommended that Defendants' "Motion to Strike Expert Report and Preclude Testimony of Attorney Paul Boas" be granted. The parties were allowed ten (10) days from the date of service to file objections. Service was made on all parties via CM/ECF. Plaintiff filed objections to the report and recommendation on July 5, 2006, Defendants responded to

Plaintiff's objections on July 7, 2006, and Plaintiffs filed a reply to Defendants' response on July 14, 2006.

In their objections and reply to Defendants' response, Plaintiffs contend that the magistrate judge ignored case law from the Court of Appeals for the Third Circuit that would allow the admission of their expert witness report and testimony. However, in her report and recommendation the magistrate judge reviewed the report of Plaintiffs' expert witness, which included a comprehensive recitation of case law relevant to the claims at issue, and relied on United States v. Leo, 941 F.2d 181, 196 (3d Cir. 1991), in which the court of appeals stated that "because it is the Court's duty to explain the law to the jury, it is impermissible for a witness to testify as to the law governing the issues in the case."  Plaintiffs also contend that the magistrate judge improperly relied on a case from the Court of Appeals for the Tenth Circuit, Specht v. Jensen, 853 F.2d 805 (10th Cir. 1988).  Plaintiffs fail, however, to adequately distinguish the facts of that case from the facts in the instant case.  Finally, Plaintiffs bring to the Court's attention the case of Commonwealth v. Marchand, 452 682 A.2d 841, 844 (Pa. Super. Ct. 1996), in which the Superior Court of Pennsylvania affirmed the decision of the trial court to admit expert testimony regarding search warrants because "warrant procedures are not a matter of common knowledge."  The Superior

2

Court's decision on this issue, however, is not authoritative on this Court, as the admission of expert testimony is governed by the Federal Rules of Evidence.  Thus, Plaintiffs' objections are unavailing.

Therefore, after de novo review of the pleadings and documents in the case, together with the report and recommendation, objections, response to objections, and reply thereto, the following order is entered:

AND NOW, this 2ND day of August, 2006;

IT IS HEREBY ORDERED that Defendants' "Motion to Strike Expert Report and Preclude Testimony of Attorney Paul Boas" is granted.

The report and recommendation of Magistrate Judge Sensenich, dated June 28, 2006, is adopted as the opinion of the court.

BY THE COURT:

s/ Terrence F. McVerry
United States District Judge

Notice sent electronically via CM/ECF to all parties