# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARRELL J. MAR, SR., Individually and )
DARRELL J. MAR, SR. as Parent and )
Natural Guardian of DARRELL J. MAR, JR., )
    Plaintiffs, )
     )
vs. )   Civil Action No. 05-19
     )
DEPUTY CHIEF MARK HOLTZMAN, )
    Defendant. )

## MEMORANDUM ORDER

Pending before the Court for disposition is the MOTION IN LIMINE (Document No. 96) filed by Defendant to preclude testimony by Mary A. Brodbeck, a licensed clinical social worker ("LCSW"). Defendant filed a brief in support of the motion, Plaintiffs filed a response and brief (Document Nos. 97, 99, 100) and the matter is ripe for disposition.

This is a Section 1983 case arising out of an incident on November 29, 2004, in which members of the McKeesport police department entered Plaintiffs' apartment without a search warrant, based on an informant's tip. On November 1, 2005, Ms. Brodbeck provided a two-page letter to Plaintiff's counsel, which reports on the emotional condition of Darrell Mar, Jr. based on his treatment at Mon Yough Community Services, Inc. The letter also includes a diagnosis of Darrell Mar, Jr., by the agency psychiatrist, Teresa Lutka-Fedor, M.D. In Plaintiff's Pretrial Statement, Ms. Brodbeck is listed as an expert witness on the issue of damages.

Defendant seeks to preclude Brodbeck's testimony for two reasons: (1) that she does not qualify as an expert; and (2) that her testimony regarding the psychiatrist's diagnosis is hearsay. The Court will address these arguments seriatim. The Court notes that Plaintiff's

counsel has failed to comply with Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi), which clearly identify the information which must be provided in an expert report. Nevertheless, Defendant has not advanced this procedural failure as a basis for exclusion of Ms. Brodbeck's testimony and has declined to take Ms. Brodbeck's deposition to obtain the required information.

1. Qualifications

In essence, Defendant argues that LCSW's are not permitted to diagnose individuals, and that as a LCSW, she does not qualify as an expert under Federal Rule of Evidence 702. Rule 702 permits the introduction of scientific, technical, or other specialized knowledge which will assist the trier of fact to understand the evidence or to determine a fact in issue. A witness may be qualified as an expert based on her knowledge, skill, experience, training or education. There are numerous cases in which LCSW's have been permitted to provide expert testimony.

In this instance, Ms. Brodbeck will be permitted to testify concerning her observations and treatment of Darrell Mar, Jr.'s emotional condition. The definition of the practice of clinical social work set forth in 63 P.S. § 1903 includes "the assessment and treatment of psychosocial disability and impairment, including mental and emotional disorders." The Court concludes that Ms. Brodbeck's testimony will assist the jury in determining the existence and/or extent of Darrell Mar, Jr.'s damages. Accordingly, Defendant's request to totally preclude Ms. Brodbeck from testifying is denied. Ms. Brodbeck's testimony, however, will be strictly limited to the information contained in her letter dated November 1, 2005.

2. Psychiatric Diagnosis

Defendant also contends that Brodbeck should not be permitted to testify regarding the diagnosis of Darrell Mar, Jr. by Dr. Lutka-Fedor. The Court agrees with Defendant. As an initial matter, Defendant accurately points out that this "backdoor" approach would prejudice his ability to challenge the diagnosis through cross-examination. Second, with this tactic, counsel for Plaintiffs is attempting to avoid the consequences of a failure on his part to comply with the Federal Rules of Civil Procedure. Plaintiff's counsel neither identified Dr. Lutka-Fedor as a witness on his Pretrial Statement nor provided an expert report, as required, and thus the Court barred Dr. Lutka-Fedor from testifying. The Court will not countenance this "backdoor" effort to get Dr. Lutka-Fedor's diagnosis into evidence. Finally, the Court concludes that the clinical diagnosis of Darrell Mar, Jr.'s condition, as compared to his actual condition, is not particularly probative, and that its value is substantially outweighed by the other factors set forth in Fed. R. Evid. 403. As explained above, Ms. Brodbeck will be permitted to testify as to her observations of the child's emotional state, as embodied in her letter. In summary, Plaintiff is precluded from introducing the diagnosis of Dr. Lutka-Fedor into evidence or specifically referencing it in argument or witness examination.

In accordance with the foregoing, it is **ORDERED, ADJUDGED AND DECREED** that Defendant's MOTION IN LIMINE (Document No. 96) is **GRANTED IN PART AND DENIED IN PART.**

So **ORDERED** this 16th day of January, 2008.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: George M. Evan
Email: gmevan@teesp.com

Leonard E. Sweeney
Email: thelawfirm@pghpa.us